**Brian M. Fleischer, Esquire**
**I.D. No. 55894**
**Ivy M. Kempf, Esquire**
**I.D. No. 85845**
**1420 Walnut Street**
**Suite 810**
**Philadelphia, PA  19102**
**(215) 546-7979**

**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wells Fargo Financial Leasing, Inc.<br>Equitable Building<br>604 Locust Street, 14th Floor<br>Des Moines, Iowa 50309 | :<br>:<br>:<br>: |
| v.              Plaintiff, | :<br>: CIVIL ACTION NO.  02-cv-4748 |
| NAHC, Inc. fka Novacare, Inc.<br>1018 W. Ninth Avenue<br>King of Prussia, PA 19406 | :<br>:<br>: |
| and | :<br>: |
| Select Medical Corp.<br>4716 Old Gettysburg Road<br>P.O. Box 2034<br>Mechanicsburg, PA 17055 | :<br>: **COMPLAINT**<br>:<br>:<br>: |
| and | :<br>: |
| Rehabclinics, Inc.<br>1016 W. Ninth Avenue<br>King of Prussia, PA 19406 | :<br>:<br>: |
| and | :<br>: |
| Novacare Employee Services, Inc.<br>2621 Van Buren Avenue<br>Norristown, PA 19403 | :<br>:<br>: |

## THE PARTIES

1. Plaintiff, Wells Fargo Financial Leasing, Inc., ("Plaintiff") is a corporation with its principal place of business located at 604 Locust Street, 14th Floor, Des Moines, Iowa, 50309.

2. Defendant, NAHC, Inc., ("NAHC") is a company with its offices located at 1018 W. Ninth Avenue, King of Prussia, PA 19406, and was formerly known as Novacare, Inc.

3. Defendant, Select Medical Corp., ("Select") is a company with its offices located at 4716 Old Gettysburg Road, Mechanicsburg, PA 17055.

4. Defendant, Rehabclinics, Inc., ("Rehabclinics") is a company with its offices located at 1016 W. Ninth Avenue, King of Prussia, PA 19406.

5. Defendant, Novacare Employee Services, Inc., ("Novacare") is a company with its offices located at 2621 Van Buren Avenue, Norristown, PA 19403.

## JURISDICTION

6. This Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C. Sections 1332 and 1367 and on the basis of 28 U.S.C. Sections 2201 and 2202.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. Section 1391.

## FACTUAL BACKGROUND

8. On various dates, Defendant NAHC entered into twelve (12) Equipment Lease Agreements (the "Leases") with Communication Office Products, Inc. ("Copi Management") which are listed below:

Lease 1:   No.:7225048   Dated: September 30, 1997   Amt.: $8,626.76

Lease 2:   No.:7217252   Dated: June 18, 1997   Amt.: $5,671.65

| Lease 3:  | No.:7225355  | Dated: Septemeber 30, 1997 | Amt.: $6,716.74  |
| Lease 4:  | No.:7212958  | Dated: December 19, 1996   | Amt.: $10,250.75 |
| Lease 5:  | No.:7213802  | Dated: April 25, 1997      | Amt.: $51,110.16 |
| Lease 6:  | No.:40066189 | Dated: March 5, 1998       | Amt.: $45,305.03 |
| Lease 7:  | No.:3-1341319| Dated: December 29, 1997   | Amt.: $9,078.83  |
| Lease 8:  | No.:7232069  | Dated: November 11, 1997   | Amt.: $9,973.72  |
| Lease 9:  | No.:40035591 | Dated: January 30, 1998    | Amt.: $8,604.33  |
| Lease 10: | No.:7220240  | Dated: July 30, 1997       | Amt.: $2,327.22  |
| Lease 11: | No.:7224052  | Dated: September 8, 1997   | Amt.: $26,347.01 |
| Lease 12: | No.:40028130 | Dated: January 30, 1998    | Amt.: $7,822.25  |
|           |              | **TOTAL**                  | $191,834.45      |

True and correct copies of the Leases are attached hereto as Exhibit "A" and incorporated herein by reference.

9. In connection with the Leases, and at the direction of Defendant NAHC, Copi Management paid for the equipment under the Leases, in full, in exchange for NAHC's promise to make lease payments.

10. The equipment which is the subject of the Leases was delivered to and accepted by Defendant NAHC. See a true and correct copy of the Delivery and Acceptance Certificates attached hereto as part of Exhibit "A" incorporated herein by reference.

11. Upon information and belief, NAHC, assigned Lease Nos.: 1-3 above to Defendant Select.

12. On or about November 15, 1999, NAHC, assigned Lease Nos.: 4-10 above to

Defendant Rehabclinics. <u>See</u> true and correct copies of Assignments attached hereto as Exhibit "B" and incorporated herein by reference.

13. On or about November 15, 1999, NAHC assigned Lease Nos.: 11 &12 above to Defendant Novacare. <u>See</u> true and correct copies of Assignments attached hereto as Exhibit "C" and incorporated herein by reference.

14. Upon information and belief, Rehabclinics, Novacare, and Select are using the equipment subject to the above Leases as indicated.

15. Copi Management sold/transferred these twelve (12) Leases listed above to Green Tree Vendor Services, Inc ("Green Tree").

16. Wells Fargo Financial Leasing, Inc., (hereinafter referred to as "Wells Fargo" or Plaintiff), later purchased the assets of Green Tree, including the Leases at issue in this case.

17. Defendant, NAHC, defaulted under the Leases by failing to, among other things, remit the monthly lease payments to Plaintiff when due.

18. Despite numerous attempts and demands, Defendant NAHC has not remitted payment to Plaintiff.

19. Pursuant to the Leases, Defendant NAHC is liable for the entire accelerated balance of $191,834.45, plus accrued interest, late fees and attorneys' fees in the amount of 25% being $47,958.61.

## COUNT I

### Breach of Contract/NAHC, Inc.

20. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 19 above as though each were fully set forth herein.

21. Defendant, NAHC entered into all of the Leases.

22. Defendant, NAHC's refusal to remit the monies due and owing to Plaintiff under

the Leases constitutes a breach of contract.

23.   Plaintiff has and will continue to suffer damages as a result of said breach of contract.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgment against Defendant, NAHC, Inc., in the amount of $191,834.45, plus attorneys' fees in the amount of 25% being $47,958.61, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT II

### Breach of Contract/Select Medical Corp.

24.   Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 23 as though each were fully set forth herein.

25.   Defendant Select assumed certain of the Leases as discussed above.

26.   Defendant Select's refusal to remit the monies due and owing to Plaintiff under Lease Nos.: 1-3 constitutes a breach of contract.

27.   Plaintiff has and will continue to suffer damages as a result of said breach of contract.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., upon information and belief, demands judgement against Defendant, Select Medical Corp., in the amount of $21,015.15, plus attorneys' fees in the amount of 25% being $5,253.79, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT III

### Breach of Contract/Rehabclinics, Inc.

28.   Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 27 above as though each were fully set forth herein.

29. Defendant Rehabclinics assumed Lease Nos.: 4-10 as discussed above.

30. Defendant Rehabclinics' refusal to remit the monies due and owing to Plaintiff constitutes a breach of contract.

31. Plaintiff has and will continue to suffer damages as a result of said breach of contract.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgement against Defendant, Rehabclinics, Inc., in the amount of $136,650.04, plus attorneys' fees in the amount of 25% being $34,162.51, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT IV

### Breach of Contract/Novacare Employee Services, Inc.

32. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 31 above as though each were fully set forth herein.

33. Defendant Novacare, assumed Lease Nos.: 11 & 12 as discussed above.

34. Defendant Novacare's refusal to remit the monies due and owing to Plaintiff constitutes a breach of contract.

35. Plaintiff has and will continue to suffer damages as a result of said breach of contract.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgement against Defendant, Novacare Employee Services, Inc., in the amount of $34,169.26, plus attorneys' fees in the amount of 25% being $8,542.32, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT V

### Unjust Enrichment/NAHC, Inc.

36. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 35 above as though each were fully set forth herein.

37. To the extent that Defendant NAHC has benefitted from the equipment and/or services of Plaintiff and not having paid for them, Defendant NAHC has become unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgment against Defendant, NAHC, Inc. in the amount of $191,834.45, plus attorneys' fees in the amount of 25% being $47,958.61 interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT VI

### Unjust Enrichment/Select Medical Corp.

38. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 37 above as though each were fully set forth herein.

39. To the extent that Defendant Select has benefitted from the equipment and/or services of Plaintiff and not having paid for them, Defendant Select has become unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgement against Defendant, Select Medical Corp., in the amount of $21,015.15, plus attorneys' fees in the amount of 25% being $5,253.79, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT VII

### Unjust Enrichment/Rehabclinics, Inc.

40. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 39 above as though each were fully set forth herein.

41. To the extent that Defendant Rehabclinics has benefitted from the equipment and/or services of Plaintiff and not having paid for them, Defendant Rehabclinics has become unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgement against Defendant, Rehabclinics, Inc., in the amount of $136,650.04, plus attorneys' fees in the amount of 25% being $34,162.51, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT VIII

### Unjust Enrichment/Novacare Employee Services, Inc.

42. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 41 above as though each were fully set forth herein.

43. To the extent that Defendant Novacare has benefitted from the equipment and/or services of Plaintiff and not having paid for them, Defendant Novacare has become unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff, Wells Fargo Financial Leasing, Inc., demands judgement against Defendant, Novacare Employee Services, Inc., in the amount of $34,169.26, plus attorneys' fees in the amount of 25% being $8,542.32, interest, late fees, costs of suit and such other and further relief as this Court deems just and proper.

        Respectfully submitted

        _____
        Ivy M. Kempf, Esquire
        I.D. No. 85845
        Fleischer and Fleischer
        1420 Walnut Street, Suite 810
        Philadelphia, PA  19102
        Attorney for Plaintiff,
        Wells Fargo Financial Leasing, Inc.

Dated: