UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO FINANCIAL LEASING, INC.,<br><br>                          Plaintiff<br><br>            v.<br><br>NAHC, INC. fka NOVACARE, INC.;<br>SELECT MEDICAL CORP.;<br>REHABCLINICS, INC.; and NOVACARE<br>EMPLOYEE SERVICES, INC.,<br>                          Defendants | CIVIL ACTION NO. 02 CV 4748 |

## ANSWER AND DEMAND FOR JURY TRIAL

AND NOW, comes Defendants, Select Medical Corporation (incorrectly referred to as "Select Medical Corp." in the caption of the Complaint) and Rehabclinics, Inc., by and through their attorneys, Hartman, Osborne & Rettig, as and for an Answer to the Complaint state the following:

## ADMISSIONS AND DENIALS

1.      Defendants admit the allegations contained in Paragraphs "3" and "4" of the Complaint.

2.      Defendants deny each and every allegation contained in Paragraph "12" of the Complaint, except that Defendants admit a letter, dated November 8, 1999 was executed by Defendant, Rehabclinics, Inc.'s, representative on November 17, 1999, a copy of which is attached as Exhibit "B" to the Complaint, and said writing speaks for itself.

3.      Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraphs "1", "2", "5", "6", "7", "8", "9", "10","13","15", "16", "17", "18" and "19" of the Complaint are true or not.  On this basis, Defendants deny the allegations contained in these paragraphs.

4.      Defendants deny each and every allegation contained in Paragraphs "11" and "14" of the Complaint.

### AS AND FOR AN ANSWER TO COUNT I OF THE COMPLAINT

5.      Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "4" above in response to Paragraph "20" of the Complaint.

6.      Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraphs "21", "22" and "23" of the Complaint are true or not.  On this basis, Defendants deny the allegations contained in these paragraphs.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

### AS AND FOR AN ANSWER TO COUNT II OF THE COMPLAINT

7.      Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "6" above in response to Paragraph "24" of the Complaint.

8. Defendants deny each and every allegation contained in Paragraphs "25", "26" and "27" of the Complaint.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT III OF THE COMPLAINT

9. Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "8" above in response to Paragraph "24" of the Complaint.

10. Defendants deny each and every allegation contained in Paragraph "29" of the Complaint, except that Defendants admit a letter, dated November 8, 1999 was executed by Defendant, Rehabclinics, Inc.'s, representative on November 17, 1999, a copy of which is attached as Exhibit "B" to the Complaint, and said writing speaks for itself.

11. Defendants deny each and every allegations contained in Paragraphs "30" and "31" of the Complaint.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT IV OF THE COMPLAINT

12.    Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "11" above in response to Paragraph "32" of the Complaint.

13.    Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraphs "33", "34" and "35" of the Complaint are true or not.  On this basis, Defendants deny the allegations contained in these paragraphs.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT V OF THE COMPLAINT

14.    Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "13" above in response to Paragraph "36" of the Complaint.

15.    Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraph "37" of the Complaint are true or not.  On this basis, Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT VI OF THE COMPLAINT

16.     Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "15" above in response to Paragraph "38" of the Complaint.

17.     Defendants deny each and every allegation contained in Paragraph "39" of the Complaint.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT VII OF THE COMPLAINT

18.     Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "17" above in response to Paragraph "40" of the Complaint.

19.     Defendants deny each and every allegation contained in Paragraph "41" of the Complaint.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT VIII OF THE COMPLAINT

20.     Defendants hereby incorporate by reference the averments contained in Paragraphs "1" through "19" above in response to Paragraph "42" of the Complaint.

21.     Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraph "43" of the Complaint are true or not.  On this basis, Defendants deny the allegations contained in this paragraph.

22.     Defendants deny each and every allegation contained in the Complaint not hereinbefore admitted, denied or otherwise controverted.

WHEREFORE, Defendants, Select Medical Corporation and Rehabclinics, Inc., demand that judgment be entered in their favor and against Plaintiff and all other parties, and that Plaintiff's Complaint be dismissed with prejudice, and that the costs of this action be awarded to Defendants, together with such other and further relief as this Court deems just and proper.

## DEFENSES

### First Defense

23.     This Court lacks subject matter jurisdiction since the amount in controversy, after taking into account the amounts previously paid by Defendant, Rehabclinics, Inc., is less than $75,000.00.

### Second Defense

24.     The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Third Defense

25.     That under the terms of the CMP Agreements, dated December 19, 1996 and April 25, 1997  allegedly governing the contractual relationship of the Defendant, Rehabclinics, Inc., Plaintiff, and its assignor, Communication Office Products, Inc. (hereinafter "Copi

Management"), in exchange for the payment of a fee, Plaintiff and Copi Management agreed to have the equipment supplier service and maintain the involved equipment.

26.    Defendant, Rehabclinics, Inc.'s, continued obligation to make payments to Plaintiff and/or Copi Management under CMP Agreement, as supplemented, was conditioned upon the equipment servicing and maintenance arranged for by Plaintiff and Copi Management.

27.    That the involved equipment has not been serviced and maintained in accordance with the terms of the CMP Agreement and is not functioning and, as such, there was no consideration for the alleged assignment and assumption of the equipment by Defendant, Rehabclinics, Inc., herein or said Defendant's continuing obligation to make rental payments for said equipment.

## Fourth Defense

28.    That prior to commencement of this action, Defendant, Rehabclinics, Inc., duly paid and discharged all or part of the amount sought to be recovered against Defendant in the Complaint.

## Fifth Defense

29.    Defendant, Select Medical Corporation, has neither been assigned or assumed any of the leases identified in the Complaint.

## COUNTERCLAIM

30.    Defendant, Rehabclinics, Inc., has made certain payments to Plaintiff and/or Copi Management, that should have been applied to any outstanding amount owed under the involved leases.

-7-

31.    Plaintiff and Copi Management are required under the terms and conditions of the written leases to apply such payments to the amounts allegedly owed by said Defendant herein.

32.    Upon information and belief, Plaintiff and/or Copi Management failed to properly credit Defendant's payments to the amounts allegedly owed under the involved leases and for which recovery is sought against Defendant, Rehabclinics, Inc., herein.

33.    That, by reason of the foregoing, Plaintiff should be compelled to account to Defendant, Rehabclinics, Inc., for the payments made to Plaintiff and Copi Management and how such payments were applied to Defendant's obligations, if any, under the leases.

WHEREFORE, Defendant, Rehabclinics, Inc., demands that judgment be entered requiring Plaintiff to account to said Defendant for all payments made under the involved leases to Plaintiff and Copi Management, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

HARTMAN, OSBORNE & RETTIG

By:_____
      Jack M. Hartman, Esquire
      Supreme Ct. I.D. #21902
      126-128 Walnut Street
      Harrisburg, PA 17101
      (717) 232-3046

Dated:  September 18, 2002      Attorney for Defendants,
      Select Medical Corporation and Rehabclinics, Inc.

-8-