IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO FINANCIAL LEASING, INC.<br>　　　　Plaintiff<br><br>v.<br><br>NAHC, INC. f/k/a NOVACARE, INC;<br>SELECT MEDICAL CORP;<br>REHABCLINICS, INC; and<br>NOVACARE EMPLOYEE SERVICES, INC.<br>　　　　Defendants<br><br>　and<br><br>J.L. HALSEY CORPORATION f/k/a<br>NAHC, INC. f/k/a NOVACARE, INC.<br>　　　　Cross-Claim Plaintiff<br><br>v.<br><br>SELECT MEDICAL CORP;<br>REHABCLINICS, INC; and<br>NOVACARE EMPLOYEE SERVICES, INC.<br>　　　　Cross-Claim Defendants | CIVIL ACTION 02-CV-4748<br><br>FILED SEP 10 2002 |

## ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendant J.L. Halsey Corporation, formerly known as NAHC, Inc. ("NAHC"), by and through its undersigned counsel, respectfully submits the following Answer, Affirmative Defenses and Cross-Claim.

## ANSWER

### THE PARTIES

1. NAHC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted. By way of further response, NAHC is now known as J.L. Halsey Corporation.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. NAHC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### JURISDICTION

6. This paragraph is a statement of jurisdiction to which no responsive pleading is required.

### VENUE

7. This paragraph is a statement of venue for which no responsive pleading is required.

### FACTUAL BACKGROUND

8. Admitted in part, denied in part. Admitted that Novacare, Inc. entered into the Equipment Lease Agreements described in this paragraph. NAHC is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and they are therefore deemed denied.

9. NAHC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and they are therefore deemed denied.

10. Admitted in part, denied in part. It is admitted that copies of the delivery and acceptance certificates are attached to the Complaint with respect to all Leases, except for Lease 8. NAHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are there deemed denied.

11. Admitted upon information and belief.

12. Admitted.

13. Admitted.

14. Admitted upon information and belief.

15. Admitted.

16. NAHC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and they are therefore deemed denied.

17. Denied as a legal conclusion.

18. Denied as stated.

19. Denied as a legal conclusion.

## COUNT I

20. NAHC incorporates by reference its answer to the foregoing paragraphs 1 through 19.

21. Admitted.

22. Denied as a legal conclusion.

23. Denied as a legal conclusion.

WHEREFORE, defendant J.L. Halsey Corporation, formerly known as NAHC, Inc., demands judgment in its favor against plaintiff Wells Fargo Financial Leasing, Inc., along with costs, attorneys' fees and such other relief as this Court may deem just and proper.

## COUNT II

24-27. The allegations contained in these paragraphs are directed toward parties other than NAHC and therefore require no response.

## COUNT III

28-31. The allegations contained in these paragraphs are directed toward parties other than NAHC and therefore require no response.

## COUNT IV

32-35. The allegations contained in these paragraphs are directed toward parties other than NAHC and therefore require no response.

## COUNT V

36.  NAHC incorporates by reference its answer to the foregoing paragraphs 1 through 35.

37.  Denied as a legal conclusion.

WHEREFORE, defendant J.L. Halsey Corporation, formerly known as NAHC, Inc., demands judgment in its favor against plaintiff Wells Fargo Financial Leasing, Inc., along with costs, attorneys' fees and such other relief as this Court may deem just and proper.

## COUNT VI

38-39. The allegations contained in these paragraphs are directed toward parties other than NAHC and therefore require no response.

## COUNT VII

40-41. The allegations contained in these paragraphs are directed toward parties other than NAHC and therefore require no response.

## COUNT VIII

42-43. The allegations contained in these paragraphs are directed toward parties other than NAHC and therefore require no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by COPI's failure to comply with its own contractual duties.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by failure or lack of consideration as against defendant NAHC, Inc.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the relevant statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of payment and release. Specifically, some or all of the amounts demanded in the Complaint have already been paid by NAHC.

### CROSS-CLAIM

Pursuant to Fed.R.Civ.P. 13(g), defendant J.L. Halsey Corp., f/k/a NAHC, Inc., asserts a Cross-Claim against defendants Select Medical Corp., Rehabclinics, Inc. and Novacare Employee Services, Inc., and avers in support thereof as follows:

### PARTIES

1. Cross-Claim plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. ("NAHC"), is a corporation with its principal place of business located at 1018 W. Ninth Avenue, King of Prussia, PA 19406.

2. Cross-Claim defendant Select Medical Corp. ("Select") is a company with its offices located at 4716 Gettysburg Road, Mechanaicsburg, PA 17055.

3. Cross-Claim defendant Rehabclinics, Inc. ("Rehabclinics") is a company with its offices located at 1016 W. Ninth Avenue, King of Prussia, PA 19406.

4. Cross-claim defendant NovaCare Employee Services, Inc. ("NCES") is a company with offices located at 2621 Van Buren Avenue, Norristown, PA 19403.

### JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, in that NAHC's Cross-Claim forms part of the same case and controversy as the claims over which this Court has original jurisdiction.

## FACTS

6. On various dates, NAHC's predecessor, NovaCare, Inc., entered into twelve Equipment Lease Agreements ("Leases") with Communication Office Products, Inc. ("COPI"). Those Leases are defined in paragraph 6 of the Complaint as Leases 1 through 12, and were attached to Plaintiffs' Complaint at Exhibit "A."

7. Subsequent to entering into the Leases, NovaCare, Inc. variously assigned each of the Leases to one of the Cross-Claim defendants, as set forth more fully below.

8. Upon information and belief, NAHC assigned leases 1 through 3 to Select.

9. On or about November 8, 1999, NAHC assigned Leases 4 through 10 to Rehabclinics by basis of a written agreement signed by NovaCare, Inc., Rehabclinics and COPI ("Rehabclinics Assumption Agreement"). A copy of the Rehabclinics Assumption Agreement was attached to Plaintiff's Complaint as Exhibit "B."

10. Under the Rehabclinics Assumption Agreement, Rehabclinics expressly agreed "to assume all obligations and to make lease payments when due and to perform promptly all other obligations of the Leases" referenced therein.

11. By Stock Purchase Agreement dated October 1, 1999 between Select, NovaCare, Inc. and NC Resources, Inc. (a subsidiary of NovaCare, Inc.), Select acquired the assets of Rehabclinics from NC Resources, Inc.

12. Schedule 2.10 to the Stock Purchase Agreement, which included a listing of various contracts into which NovaCare had entered, specifically referenced copier leases with COPI. Due to NAHC's confidentiality obligations under the Stock Purchase Agreement (a copy of which should already be in the possession of Select and Rehabclinics), a copy of that

Agreement cannot be attached hereto. However, the Stock Purchase Agreement will be made available in discovery if NAHC is given appropriate confidentiality assurances.

13. In January 2000, NAHC assigned leases 11 and 12 to NCES by way of written Assumption Agreement signed by NovaCare, Inc., NCES and COPI ("NCES Assumption Agreement"). A copy of the NCES Assumption Agreement was attached to Plaintiff's Complaint as Exhibit "C."

14. Under paragraph 2 of the NCES Assumption Agreement, NCES expressly agreed "to assume all of Lessee's obligations, and to make the Lease payments when due, and to perform promptly all other obligations of the Lessee" with respect to the leases referenced therein.

15. By Agreement and Plan of Merger dated September 8, 1999, NCES merged with New Plato Acquisition, Inc., a wholly owned subsidiary of Plato Holdings, Inc.

16. Upon information and belief, NAHC paid all sums due on each of the Leases prior to the time that the particular Lease was assigned by NovaCare, Inc. to one of the Cross-Claim Defendants.

17. At or about the time each of the various Leases was assigned by NAHC, the office equipment that was the subject of the particular Lease was turned over to the assignee.

18. NAHC does not have possession of any of the leased office equipment that is the subject of the Leases described in the Complaint.

19. Upon information and belief, Select currently possesses the office equipment that is the subject of Leases 1 through 3.

20. Upon information and belief, Rehabclinics currently possesses the office equipment that is the subject of Leases 4 through 12.

21. Upon information and belief, NCES currently possesses the office equipment that is the subject of Leases 11 and 12.

### COUNT I – NAHC v. SELECT
### BREACH OF CONTRACT

22. NAHC incorporates by reference the foregoing paragraphs 1 through 21 of its Cross-Claim.

23. Upon information and belief, Select assumed possession of the office equipment described in Leases 1 through 3 and agreed to assume all of NovaCare, Inc's obligations under those leases, including the obligation to make payment.

24. To the extent that Select has refused to remit monies that are properly due and owing to Plaintiff under Leases 1 through 3, such refusal constitutes a breach of Select's contractual obligation to Cross-Claim Plaintiff NAHC.

25. NAHC will suffer damages to the extent that Select's breach of contract subjects NAHC to liability to Plaintiff.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant Select Medical Corp. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

### COUNT II – NAHC v. REHABCLINICS
### BREACH OF CONTRACT

26. NAHC incorporates by reference the foregoing paragraphs 1 through 25 of its Cross-Claim.

27. Pursuant to the Rehabclinics Assumption Agreement, Rehabclinics assumed possession of the office equipment described in Leases 4 through 10 and expressly agreed "to

assume all obligations and to make lease payments when due and to perform promptly all other obligations" of those Leases.

28. To the extent that Rehabclinics has refused to remit monies that are properly due and owing to Plaintiff under Leases 4 through 10, such refusal constitutes a breach of Rehabclinics' contractual obligation to Cross-Claim Plaintiff NAHC.

29. NAHC will suffer damages to the extent that Rehabclinic's breach of contract subjects NAHC to liability to Plaintiff.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant Rehabclinics, Inc. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

### COUNT III – NAHC v. NCES
### BREACH OF CONTRACT

30. NAHC incorporates by reference the foregoing paragraphs 1 through 29 of its Cross-Claim.

31. Pursuant to the NCES Assumption Agreement, NCES assumed possession of the office equipment described in Leases 11 and 12 and expressly agreed "to assume all of Lessee's obligations, and to make the Lease payments when due, and to perform promptly all other obligations of the Lessee" with respect to those Leases.

32. To the extent that NCES has refused to remit monies that are properly due and owing to Plaintiff under Leases 11 and 12, such refusal constitutes a breach of NCES's contractual obligation to Cross-Claim Plaintiff NAHC.

33. NAHC will suffer damages to the extent that NCES's breach of contract subjects NAHC to liability to Plaintiff.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant NovaCare Employee Services, Inc. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

### COUNT IV – NAHC v. REHABCLINICS
### INDEMNIFICATION

34. NAHC incorporates by reference the foregoing paragraphs 1 through 33 of its Cross-Claim.

35. By Stock Purchase Agreement dated October 1, 1999 between Select, NovaCare, Inc. and NC Resources, Inc., Select acquired the assets of Rehabclinics from NC Resources, Inc.

36. Section 1.05 of the Stock Purchase Agreement states that in the event the seller [NC Resources] or the Parent [NovaCare, Inc] guaranteed any obligations as more specifically defined in Schedule 1.05 to the Agreement, "from and after Closing such Group Member [Rehabclinics] shall indemnify and hold each Guarantor harmless from and against liability."

37. Schedule 1.05 specifically describes the guaranteed obligations to which Section 1.05 applies to include "personal property leases entered into in the ordinary course of business and … other contracts described on schedule 2.10."

38. Schedule 2.10 to the Stock Purchase Agreement specifically references copier leases with COPI.

39. To the extent that NAHC remains liable with respect to Leases for equipment assigned to Rehabclinics, such liability is in the nature of a guarantee, *i.e.* NAHC is liable if Rehabclinics fails to fulfill its contractual obligations.

40. Upon information and belief, Plaintiff's claims under the Leases arise from obligations arising after the Closing.

41. Accordingly, Rehabclinics is contractually required to indemnify NAHC and hold it harmless with respect to the Leases that Rehabclinics assumed.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant Rehabclinics, Inc. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

### COUNT V – NAHC v. SELECT
### UNJUST ENRICHMENT

42. NAHC incorporates by reference the foregoing paragraphs 1 through 41 of its Cross-Claim.

43. To the extent that NAHC is required to pay Plaintiff for office equipment that was possessed and used by Select, Select would be unjustly enriched to the detriment of NAHC.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant Select Medical Corp. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

### COUNT VI – NAHC v. REHABCLINICS
### UNJUST ENRICHMENT

44. NAHC incorporates by reference the foregoing paragraphs 1 through 43 of its Cross-Claim.

45. To the extent that NAHC is required to pay Plaintiff for office equipment that was possessed and used by Rehabclinics, Rehabclinics would be unjustly enriched to the detriment of NAHC.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant Rehabclinics, Inc. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

### COUNT VII – NAHC v. NCES
### UNJUST ENRICHMENT

46. NAHC incorporates by reference the foregoing paragraphs 1 through 45 of its Cross-Claim.

47. To the extent that NAHC is required to pay Plaintiff for office equipment that was possessed and used by NCES, NCES would be unjustly enriched to the detriment of NAHC.

WHEREFORE, Cross-Claim Plaintiff J.L. Halsey Corp., f/ka/ NAHC, Inc., f/k/a NovaCare, Inc. demands judgment against Cross-Claim Defendant NovaCare Employee Services, Inc.. in an amount to be determined at trial, plus costs, interest, attorneys fees and such other relief as this Court deems just and proper.

DILWORTH PAXSON LLP

_____
Patrick M. Northen
Atty. I.D. No. 76419
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

## CERTIFICATE OF SERVICE

I, Patrick M. Northen, Esquire, hereby certify that on this 10th day of September, 2002, I caused a true and correct copy of the foregoing Answer, Affirmative Defenses and Cross-Claim to be served upon the following counsel via first class mail:

Ivy M. Kempf, Esquire
Fleischer & Fleischer
1420 Walnut Street
Suite 810
Philadelphia, PA 19102

Matthew E. Hamlin, Esquire
Hartman, Osborne & Rettig
126-128 Walnut Street
Harrisburg, PA 17101

FILED SEP 10

_____
Patrick M. Northen

Document1