UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO FINANCIAL LEASING, INC.<br>　　　　Plaintiff<br><br>　　　　v.<br><br>NAHC, INC., f/k/a NOVACARE, INC.;<br>SELECT MEDICAL CORP.;<br>REHABCLINICS, INC. and NOVACARE<br>EMPLOYEE SERVICES, INC.<br>　　　　Defendants<br><br>　　　　and<br><br>J.L. HALSEY CORPORATION f/k/a<br>NAHC, INC. f/k/a NOVACARE, INC.<br>　　　　Cross-Claim Plaintiff<br><br>　　　　v.<br><br>SELECT MEDICAL CORP.;<br>REHABCLINICS, INC.; AND<br>NOVACARE EMPLOYEE SERVICES,<br>INC.<br>　　　　Cross-Claim Defendants | CIVIL ACTION NO. 02 CV 4748<br><br><br><br><br>ANSWER TO CROSS-CLAIM AND<br>DEMAND FOR JURY TRIAL |

**ANSWER TO CROSS-CLAIM OF CO-DEFENDANT,
J.L. HALSEY CORPORATION, F/K/A NAHC, INC., F/K/A NOVACARE, INC.**

AND NOW, come Defendants, Select Medical Corporation (incorrectly referred to "Select Medical Corp." in the caption of the co-Defendant's Answer, Affirmative Defenses and Cross-Claim) and RehabClinics, Inc. (hereinafter, collectively, referred to as "Answering Defendants"), by and through their attorneys, Hartman, Osborne & Rettig, P.C. as and for an answer

to the Cross-Claim of Co-Defendant, J.L. Halsey Corporation f/k/a NAHC, Inc., f/k/a Novacare, Inc. (hereinafter "NAHC") state the following:

### ADMISSIONS AND DENIALS

1. Answering Defendants admit the allegations contained in Paragraphs 2, 3 and 11 of the Cross-Claim.

2. Answering Defendants deny each and every allegation contained in Paragraph 9 of the Cross-Claim, except that Answering Defendants admit a letter, dated November 8, 1999 was executed by Defendant, RehabClinics, Inc. on November 17, 1999, a copy of which is attached as Exhibit "B" to the Complaint and said writing speaks for itself.

3. Answering Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraphs 4, 5, 5, 6, 7, 9, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the Cross-Claim are true or not. On this basis, Answering Defendants deny the allegations contained in these paragraphs.

4. Answering Defendants deny each and every allegation contained in Paragraph 8 of the Cross-Claim.

5. Answering Defendants deny each and every allegation contained in Paragraph 10 of the Cross-Claim, which varies or differs from the terms of the letter executed by Defendant, RehabClinics, Inc. on November 17, 1999.

6. Answering Defendants deny each and every allegation contained within Paragraph 12 of the Cross-Claim, which differ or vary from the express terms and conditions of the Stock Purchase Agreement referenced therein.

### AS AND FOR AN ANSWER TO COUNT I OF THE CROSS-CLAIM

7. Answering Defendants incorporate by reference the averments contained in Paragraphs 1 - 6 above in response to Paragraph 22 of the Cross-Claim.

8. Answering Defendants deny each and every allegation contained in Paragraphs 23, 24 and 25 of the Cross-Claim.

WHEREFORE, Answering Defendants demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

### AS AND FOR AN ANSWER TO COUNT II OF THE CROSS-CLAIM

9. Answering Defendants hereby incorporate by reference the averments contained in Paragraphs 1 - 8 above in response to Paragraph 26 of the Cross-Claim.

10. Answering Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraph 27 of the Cross-Claim are true or not. On this basis, Answering Defendants deny the allegations contained in those paragraphs.

11. Answering Defendants deny each and every allegation contained in Paragraphs 28 and 29 of the Cross-Claim.

WHEREFORE, Answering Defendants, demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with

prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

### AS AND FOR AN ANSWER TO COUNT III OF THE CROSS-CLAIM

12. Answering Defendants hereby incorporate by reference the averments contained in Paragraphs 1 - 11 above in response to Paragraph 30 of the Cross-Claim.

13. Answering Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraphs 31, 32 and 33 of the Cross-Claim are true or not.  On this basis, Answering Defendants deny the allegations contained in these paragraphs.

WHEREFORE, Answering Defendants, demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

### AS AND FOR AN ANSWER TO COUNT IV OF THE CROSS-CLAIM

14. Answering Defendants hereby incorporate by reference the averments contained in Paragraphs 1 - 13 above in response to Paragraph 34 of the Cross-Claim.

15. Answering Defendants admit the allegations contained in Paragraph 35 of the Cross-Claim insofar as said allegations are consonant with the express terms and conditions of the Stock Purchase Agreement and deny each and every other allegation.

16. Answering Defendants deny each and every allegation contained in Paragraphs 36, 37 and 38 of the Cross-Claim, except Answering Defendants admit a Stock Purchase Agreement,

dated October 1, 1999 was entered into and the terms and conditions of the said Agreement speak for themselves.

17. Answering Defendants deny each and every allegation contained in Paragraphs 39, 40 and 41 of the Cross-Claim.

WHEREFORE, Answering Defendants, demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT V OF THE CROSS-CLAIM

18. Answering Defendants hereby incorporate by reference the averments contained in Paragraphs 1 - 17 above in response to Paragraph 42 of the Cross-Claim.

19. Answering Defendants deny each and every allegation contained in Paragraph 43 of the Cross-Claim.

WHEREFORE, Answering Defendants, demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT VI OF THE CROSS-CLAIM

20. Answering Defendants hereby incorporate by reference the averments contained in Paragraphs 1 - 19 above in response to Paragraph 44 of the Cross-Claim.

21. Answering Defendants deny each and every allegation contained in Paragraph 45 of the Cross-Claim.

WHEREFORE, Answering Defendants, demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

## AS AND FOR AN ANSWER TO COUNT VII OF THE CROSS-CLAIM

22. Answering Defendants hereby incorporate by reference the averments contained in Paragraphs 1 - 21 above in response to Paragraph 46 of the Cross-Claim.

23. Answering Defendants lack sufficient information or belief to determine, at this stage of the proceedings, whether the allegations contained in Paragraph 47 of the Cross-Claim are true or not. On this basis, Answering Defendants deny the allegations contained in these paragraphs.

WHEREFORE, Answering Defendants, demand that judgment be entered in their favor and against NAHC and all other parties, and that NAHC's Cross-Claim be dismissed with prejudice, and that the costs of this action be awarded to Answering Defendants, together with such other and further relief as this Court deems just and proper.

24. Answering Defendants deny each and every allegation in the Cross-Claim not hereinbefore expressly admitted, denied or otherwise controverted.

## DEFENSES

### First Defense

25. This Court lacks subject matter jurisdiction since the amount in controversy, after taking into account the amounts previously paid by Defendant, RehabClinics, Inc., is less than $75,000.00.

### Second Defense

26. The Cross-Claim fails to state a claim against Answering Defendants upon which relief can be granted.

### Third Defense

27. That under the terms of the CMP Agreements, dated December 19, 1996 and April 25, 1997 allegedly governing the contractual relationship of the Answering Defendant, RehabClinics, Inc., Plaintiff, and its assignor, Communication Office Products, Inc. (hereinafter "Copi Management"), in exchange for the payment of a fee, Plaintiff and Copi Management agreed to have the equipment supplier service and maintain the involved equipment.

28. Answering Defendant, RehabClinics, Inc.'s, continued obligation to make payments to Plaintiff and/or Copi Management under CMP Agreement, as supplemented, was conditioned upon the equipment servicing and maintenance arranged for by Plaintiff and Copi Management.

29. That the involved equipment has not been serviced and maintained in accordance with the terms of the CMP Agreement and is not functioning and, as such, there was no consideration for the alleged assignment and assumption of the equipment by Answering

Defendant, RehabClinics, Inc., herein or said Defendant's continuing obligation to make rental payments for said equipment.

### Fourth Defense

30.     That prior to commencement of this action, Answering Defendant, RehabClinics, Inc., duly paid and discharged all or part of the amount sought to be recovered against Answering Defendants in the Cross-Claim.

### Fifth Defense

31.     Defendant, Select Medical Corporation, has neither been assigned or assumed any of the leases referenced in the Cross-Claim and identified in the Complaint.

                              Respectfully submitted,

                              HARTMAN, OSBORNE & RETTIG, P.C.

                              By:_____
                                  Jack M. Hartman, Esquire
                                  Supreme Ct. I.D. #21902
                                  126-128 Walnut Street
                                  Harrisburg, PA 17101
                                  (717) 232-3046

Dated: September 27, 2002           Attorney for Defendants,
                                                Select Medical Corporation and RehabClinics, Inc.